

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3396

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CSMJ, INC. <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT** <br><br> APR 07 2008 <br> U.S.D.C. S.D.N.Y. <br> CASHIERS |

Plaintiff American Express Publishing Corporation ("AmEx"), by and for its Complaint against Defendant CSMJ, Inc. ("CSMJ"), hereby alleges as follows:

### The Parties, Jurisdiction, and Venue

1. AmEx is a corporation organized and existing under the laws of the State of New York, and has its principal place of business in New York, New York.

2. CSMJ is a corporation organized and existing under the laws of the State of California, and has its principal place of business in Eagle, Idaho.

3. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because AmEx and CSMJ are incorporated, and have their principal places of businesses in, different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district in accordance with 29 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

## The Publishing Agreements

6.  AmEx and CSMJ entered into a Publishing Agreement with an effective date of October 20, 2006 ("2006 Agreement"). Per the 2006 Agreement, AmEx was to create two customized newsletters for CSMJ on behalf of a client of CSMJ. AmEx would then mail the newsletters to certain American Express Cardmembers. The 2006 Agreement called for AmEx to create and distribute a total of approximately 200,000 copies of the newsletters.

7.  Per the 2006 Agreement, upon execution of the contract, CSMJ was required to pay AmEx a fee of $100,000. Upon shipment of the newsletters by AmEx, CSMJ was required to pay another fee of $324,000.

8.  AmEx and CSMJ entered into a Publishing Agreement with an effective date of March 30, 2007 ("2007 Agreement"). Per the 2007 Agreement, AmEx was to create a customized brochure for CSMJ on behalf of a client of CSMJ. AmEx would then mail the brochure to certain American Express Cardmembers. The 2007 Agreement called for AmEx to create and distribute a total of approximately 100,000 copies of the brochure.

9.  Per the 2007 Agreement, CSMJ was required to pay AmEx certain fees, plus ancillary costs and postage.

## AmEx's Performance and CSMJ's Breach

10.  In accordance with the terms of the 2006 Agreement, AmEx created the newsletters. Also in accordance with the terms of the 2006 Agreement, AmEx further created and distributed a total of approximately 200,000 copies of the newsletters.

11. In accordance with the terms of the 2007 Agreement, AmEx created the brochure. Also in accordance with the terms of the 2007 Agreement, AmEx further created and distributed a total of at least approximately 100,000 copies of the brochure.

12. CSMJ failed to make the required payments under the 2006 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $249,000 under the 2006 Agreement.

13. CSMJ failed to make the required payments under the 2007 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $6,000 under the 2007 Agreement.

14. Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

## COUNT ONE
## (BREACH OF CONTRACT)

15. AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

16. AmEx and CSMJ entered into the 2006 Agreement and the 2007 Agreement.

17. AmEx fully performed all of its obligations under the 2006 Agreement and 2007 Agreement.

18. CSMJ materially breached the 2006 Agreement and 2007 Agreement by failing to make payments to AmEx as required under those agreement.

19. As a result of CSMJ's material breaches, AmEx has suffered damages.

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages resulting from CSMJ's breach, interest, costs, and such other and further relief that the Court may deem just and reasonable.

## COUNT TWO
### (UNJUST ENRICHMENT)

20. AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

21. At the request of CSMJ, AmEx created and distributed a total of approximately 200,000 copies of the newsletters and at least approximately 100,000 copies of the brochure.

22. AmEx reasonably expected to be compensated by CSMJ for its efforts.

23. CSMJ has received a benefit through the actions of AmEx described above, but has failed to compensate AmEx for those efforts.

24. Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

25. As a result, AmEx has suffered damages.

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages, interest, costs, and such other and further relief that the Court may deem just and reasonable.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
LOUIS SMITH (LS 8851)

MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200 (Phone)
(973) 801-6400 (Facsimile)

*Attorneys for Plaintiff American Express Publishing Corporation*

Dated: April 4, 2008