# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMERICAN EXPRESS PUBLISHING
CORPORATION,

     Plaintiff,

   v.

CSMJ, INC.

     Defendant.

Civil Action No. 08 cv 3396 (WHP)

**NOTICE OF MOTION FOR
DEFAULT JUDGMENT**

   **PLEASE TAKE NOTICE** that upon the annexed declarations of Louis Smith and Michael G. Guiseffi, declared on May 9, 2008 and May 7, 2008, respectively, and upon the exhibits attached thereto, and the pleadings herein, Plaintiff American Publishing Corporation ("American Express") moves before the Clerk of this Court for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) and Local Civil Rule 55.2(a) against Defendant CSMJ, Inc. consistent with the accompanying proposed form of Default Judgment.

Dated: New York, NY
   May 9, 2008

LOUIS SMITH
GREENBERG TRAURIG, LLP
Louis Smith (LS 8851)
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
(212) 801-6400 (fax)
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, | ) ) ) | Civil Action No. 08 cv 3396 (WHP) |
| Plaintiff, | ) ) | |
| v. | ) ) | **DEFAULT JUDGMENT** |
| CSMJ, INC. | ) ) | |
| Defendant. | ) ) ) | |

This action having commenced on April 7, 2008, by the filing of the Summons and Complaint by plaintiff American Express Publishing Corporation; and a copy of the Summons and Complaint having been personally served on the defendant CSMJ, Inc., on April 9, 2008, by personal service on Brian Farrow, who is authorized to accept service for defendant; and a proof of service having been filed on April 17, 2008; and the defendant not having answered the Complaint, and the time for answering the Complaint having expired; and the Clerk having entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a) on May 5, 2008;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff American Express Publishing Corporation's motion for default judgment be, and hereby is, granted in its entirety; and it is further

ORDERED, ADJUDGED AND DECREED that judgment in favor of plaintiff American Express Publishing Corporation and against defendant CSMJ, Inc. be, and hereby is, in the liquidated principal amount of $255,176.00, with pre-judgment interest at 9% running from January 5, 2007, with regard to $249,000.00 of that principal and running from July 16, 2007, with regard to $6,176.00 of that principal, amounting to total

pre-judgment interest of $30,599.36, and that plaintiff further be awarded costs and disbursements totaling $617.50; and it is further

ORDERED, ADJUDGED AND DECREED that judgment be, and hereby is, entered in favor of plaintiff American Express Publishing Corporation and against defendant CSMJ, Inc. in the total amount of $286,392.86; and it is further

ORDERED, ADJUDGED AND DECREED that post-judgment interest shall begin to run from the date of entry of this judgment.

Dated: New York, New York
       May _____, 2008

_____
                    Clerk of the Court

This document was entered on the docket
on _____,

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, | ) ) ) | Civil Action No. 08 cv 3396 (WHP) |
| Plaintiff, | ) ) | |
| v. | ) ) | **DECLARATION OF** |
| CSMJ, INC. | ) ) | **MICHAEL G. GIUSEFFI** **IN SUPPORT OF JUDGMENT** |
| Defendant. | ) ) | **BY DEFAULT** |
| | ) | |

MICHAEL G. GIUSEFFI hereby declares as follows:

1.     I am Senior Manager, Credit and Collections, for American Express Publishing Corporation ("AmEx").  I am familiar with the facts set forth herein and submit this declaration in support of plaintiff's application for judgment by default.

2.     Pursuant to agreements between AmEx and CSMJ, Inc. ("CSMJ"), AmEx provided services for CSMJ and issued invoices to CSMJ related to those services.

3.     CSMJ owes AmEx $249,000 pursuant to an invoice issued by AmEx to CSMJ dated December 5, 2006, which required payment within thirty days of the date of the invoice.

4.     CSMJ further owes AmEx an additional $6,176.00 pursuant to an invoice issued by AmEx to CSMJ dated June 14, 2007, which also was due thirty days from the date of the invoice.

5.     Thus, the total principal amount owed by CSMJ to AmEx is $255,176.00.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

MICHAEL G. GIUSEFFI

Dated: New York, NY
May 7, 2008

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, | )<br>) Civil Action No. 08 cv 3396 (WHP)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| CSMJ, INC. | ) **DECLARATION OF LOUIS**<br>) **SMITH IN SUPPORT OF**<br>) **JUDGMENT BY DEFAULT** |
| Defendant. | )<br>) |

LOUIS SMITH hereby declares as follows:

1.     I am a member of the Bar of this Court and a Shareholder with the firm of Greenberg Traurig, LLP, attorneys for plaintiff in the above-entitled action. I am familiar with the facts and circumstances in this action.

2.     I make this declaration pursuant to Rule 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant.

3.     This is an action to recover fees owed by defendant to plaintiff for publishing services.

4.     Jurisdiction of the subject matter of this action is based on diversity of citizenship between the parties.

5.     This action was commenced on April 7, 2008, by the filing of the summons and complaint. A copy of the Summons is attached hereto as Exhibit A. A copy of the Complaint is attached hereto as Exhibit B.

6.     Per the proof of service, a copy of the summons and complaint were served on the defendant on April 9, 2008, by personal service on Brian Farrow, who is

authorized to accept service for defendant, and a proof of service by the Special Process Server was filed. A copy of the proof of service is attached hereto as Exhibit C.

7.    The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired. The Clerk has entered default against defendant in accordance with Federal Rule of Civil Procedure 55(a). The original Clerk's Certificate of Default is attached hereto as Exhibit D.

8.    This action seeks judgment for the liquidated principal amount of $255,176.00, plus interest at 9% per New York Civil Practice Law and Rules § 5004, with interest regarding $249,000 running from January 5, 2007, and interest regarding $6,176.00 running from July 16, 2007, for total pre-judgment interest as of May 9, 2008, of $30,599.36, as shown by the Statement of Damages annexed hereto as Exhibit E. Per the Declaration of Michael G. Guiseffi of Plaintiff submitted herewith, those amounts are justly due and owing, and no part of which has been paid.

9.    The distributions sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of the annexed Default Judgment against defendant.

I declare under penalty of perjury that the foregoing is true and corrected to the best of my knowledge, information, and belief. Executed on May 9, 2008.

_____
LOUIS SMITH

# Exhibit A

ORIGINAL

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
| --- | --- | --- |

American Express Publishing Corporation

V.

CSMJ, Inc.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:  O8 CV 3396

TO: (Name and address of Defendant)

CSMJ, Inc.
Brian E. Farrow — Agent for service of Process
4275 Executive Square, STE 800
La Jolla, CA 92037

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 0 7 2008

CLERK

DATE

(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                  *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Exhibit B

FILE COPY

Judge Pauley,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3396

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CSMJ, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br><br>COMPLAINT<br><br>APR 07 2008<br>U.S.D.C. S.D. N.Y.<br>CASHIERS |

Plaintiff American Express Publishing Corporation ("AmEx"), by and for its

Complaint against Defendant CSMJ, Inc. ("CSMJ"), hereby alleges as follows:

### The Parties, Jurisdiction, and Venue

1.      AmEx is a corporation organized and existing under the laws of the State

of New York, and has its principal place of business in New York, New York.

2.      CSMJ is a corporation organized and existing under the laws of the State

of California, and has its principal place of business in Eagle, Idaho.

3.      The matter in controversy exceeds $75,000, exclusive of interest and

costs.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because AmEx

and CSMJ are incorporated, and have their principal places of businesses in, different

states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district in accordance with 29 U.S.C. § 1391

because a substantial part of the events giving rise to the claims occurred in this district.

### The Publishing Agreements

6.    AmEx and CSMJ entered into a Publishing Agreement with an effective date of October 20, 2006 ("2006 Agreement"). Per the 2006 Agreement, AmEx was to create two customized newsletters for CSMJ on behalf of a client of CSMJ. AmEx would then mail the newsletters to certain American Express Cardmembers. The 2006 Agreement called for AmEx to create and distribute a total of approximately 200,000 copies of the newsletters.

7.    Per the 2006 Agreement, upon execution of the contract, CSMJ was required to pay AmEx a fee of $100,000. Upon shipment of the newsletters by AmEx, CSMJ was required to pay another fee of $324,000.

8.    AmEx and CSMJ entered into a Publishing Agreement with an effective date of March 30, 2007 ("2007 Agreement"). Per the 2007 Agreement, AmEx was to create a customized brochure for CSMJ on behalf of a client of CSMJ. AmEx would then mail the brochure to certain American Express Cardmembers. The 2007 Agreement called for AmEx to create and distribute a total of approximately 100,000 copies of the brochure.

9.    Per the 2007 Agreement, CSMJ was required to pay AmEx certain fees, plus ancillary costs and postage.

### AmEx's Performance and CSMJ's Breach

10.    In accordance with the terms of the 2006 Agreement, AmEx created the newsletters. Also in accordance with the terms of the 2006 Agreement, AmEx further created and distributed a total of approximately 200,000 copies of the newsletters.

11.     In accordance with the terms of the 2007 Agreement, AmEx created the brochure.  Also in accordance with the terms of the 2007 Agreement, AmEx further created and distributed a total of at least approximately 100,000 copies of the brochure.

12.     CSMJ failed to make the required payments under the 2006 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $249,000 under the 2006 Agreement.

13.     CSMJ failed to make the required payments under the 2007 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $6,000 under the 2007 Agreement.

14.     Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

## COUNT ONE
## (BREACH OF CONTRACT)

15.     AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

16.     AmEx and CSMJ entered into the 2006 Agreement and the 2007 Agreement.

17.     AmEx fully performed all of its obligations under the 2006 Agreement and 2007 Agreement.

18.     CSMJ materially breached the 2006 Agreement and 2007 Agreement by failing to make payments to AmEx as required under those agreement.

19.     As a result of CSMJ's material breaches, AmEx has suffered damages.

3

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages resulting from CSMJ's breach, interest, costs, and such other and further relief that the Court may deem just and reasonable.

**COUNT TWO**
**(UNJUST ENRICHMENT)**

20.    AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

21.    At the request of CSMJ, AmEx created and distributed a total of approximately 200,000 copies of the newsletters and at least approximately 100,000 copies of the brochure.

22.    AmEx reasonably expected to be compensated by CSMJ for its efforts.

23.    CSMJ has received a benefit through the actions of AmEx described above, but has failed to compensate AmEx for those efforts.

24.    Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

25.    As a result, AmEx has suffered damages.

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages, interest, costs, and such other and further relief that the Court may deem just and reasonable.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
LOUIS SMITH (LS 8851)

MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200 (Phone)
(973) 801-6400 (Facsimile)

*Attorneys for Plaintiff American Express
Publishing Corporation*

Dated: April 4, 2008

5

# EXHIBIT C

| Attorney or Party without Attorney:<br>LOUIS SMITH, Bar #LS8851<br>GREENBERG TRAURIG LLP<br>200 PARK AVENUE<br>METLIFE BUILDING<br>NEW YORK, NY 10166<br>*Telephone No:* 212-801-9200   *FAX No:* 212-801-6400 | For Court Use Only |
|---|---|

| *Attorney for:* Plaintiff | *Ref. No. or File No.:* |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court, Southern District Of New York

*Plaintiff:* AMERICAN EXPRESS PUBLISHING CORPORATION
*Defendant:* CSMJ, INC.

| PROOF OF SERVICE<br>SUMMS IN CIV. ACTION | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>08CV3396 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; CIVIL COVER SHEET; RULE 7.1 DISCLOSURE STATEMENT

3. a. *Party served:*      CSMJ, INC.
   b. *Person served:*     BRIAN FARROW, AUTHORIZED TO ACCEPT SERVICE. SERVED UNDER F.R.C.P. RULE 4.

4. *Address where the party was served:*     4225 EXECUTIVE SQUARE
                                   #280
                                   LA JOLLA, CA 92037

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Apr. 09, 2008 (2) at: 3:54PM

7. *Person Who Served Papers:*
   a. MARQUES COMPTON

         First Legal Support Services
         ATTORNEY SERVICES
         1511 BEVERLY BOULEVARD
         Los Angeles, CA 90026
         (213) 250-1111, FAX (213) 250-1197

Recoverable Cost Per CCP 1033.5(a)(4)(B)

   d. *The Fee for Service was:*

   e. I am: (3) registered California process server
       (i)   Independent Contractor
       (ii)   *Registration No.:*     1405
       (iii)   *County:*          San Diego

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

   Date: Thu, Apr. 10, 2008

Judicial Council Form
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMS IN CIV. ACTION

(MARQUES COMPTON)

4084508.lousm,125282

ORIGINAL

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

American Express Publishing Corporation

**SUMMONS IN A CIVIL ACTION**

V.

CSMJ, Inc.

CASE NUMBER: O8 CV 3396

TO: (Name and address of Defendant)

CSMJ, Inc.
Brian E. Farrow — Agent for service of Process
4275 Executive Square, STE 800
La Jolla, CA 92037

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 0 7 2008

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | . |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                  Date              *Signature of Server*


                          _____
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, ) ) )<br><br>Plaintiff, )<br>v. )<br>)<br>CSMJ, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 08 cv 3396 (WHP)<br><br>**CLERK'S CERTIFICATE OF DEFAULT OF CSMJ, INC.** |

I, J. Michael McMahon, Clerk of Court of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on April 7, 2008 with the filing of a summons and complaint; a copy of the summons and complaint were served on CSMJ, Inc. on April 9, 2008, by personally delivering those documents to Brian Farrow, who is authorized to accept service for CSMJ, Inc.; and that plaintiff filed a proof of service on April 17, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of defendant CSMJ, Inc. is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York

May 5        , 2008

J. MICHAEL MCMAHON
Clerk of Court

By:        _____
Deputy Clerk

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION,<br><br>                          Plaintiff,<br><br>         v.<br><br>CSMJ, INC.<br><br>                        Defendant. | Civil Action No. 08 cv 3396 (WHP)<br><br><br>**STATEMENT OF DAMAGES** |

Principal amount sued for ...................................................................$255.176.00

Pre-Judgment Interest

    Interest at 9% from January 5, 2007  to May 9, 2008
    for principal of  $249,000.00                     $30,146.40
        ($22,164.40 for 2007 and $7,982.00 for 2008)

    Interest at 9% from July 16, 2007  to May 9, 2008
    for principal of $6,176.00                        $452.96
        ($255.36 for 2007 and $197.60 for 2008)

Total Pre-Judgment Interest...............................................…..……$30,599.36


Costs and Disbursements:

Clerk's fee.........................................................................................$350.00
Process Server fee for service ............................................................$267.50

Total (as of May 9, 2008) .............................................................$286,392.86