UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, | ) ) ) Civil Action No. 08 cv 3396 (WHP) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CSMJ, INC. | ) **AFFIDAVIT OF LOUIS SMITH IN** ) **SUPPORT OF JUDGMENT BY** ) **DEFAULT** |
| Defendant. | ) ) |

COUNTY OF MORRIS    )
                    ) ss.
STATE OF NEW JERSEY )

LOUIS SMITH, duly sworn, deposes and says:

1. I am a member of the Bar of this Court and a Shareholder with the firm of Greenberg Traurig, LLP, attorneys for plaintiff American Express Publishing Corporation ("AmEx") in the above-entitled action. I am familiar with the facts and circumstances in this action.

2. I make this affidavit in support of AmEx's application for the entry of a default judgment against defendant CSMJ, Inc. ("CSMJ").

3. This is an action to recover fees owed by defendant to plaintiff for publishing services. As described more fully in the Complaint, AmEx created and distributed newsletters and brochures on behalf of CSMJ, and CSMJ failed to pay AmEx the amounts due and owing for that work. *See* Complaint at ¶¶ 6-14. (Dkt. 1). A copy of the Complaint is attached hereto as Exhibit 1.

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. AmEx is a corporation organized and existing under the laws of the State

of New York, and has its principal place of business in New York, New York. CSMJ is a corporation organized and existing under the laws of the State of California, and has its principal place of business in Eagle, Idaho. Thus, there is diversity of citizenship among the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* Complaint at ¶¶ 1-4.

5.  This Court has personal jurisdiction over CSMJ. A copy of the summons and complaint were served on the defendant on April 9, 2008, by personal service on Brian Farrow, who is authorized to accept service for defendant, and a proof of service by the Special Process Server was filed. (Dkt. 3). A copy of the proof of service is attached hereto as Exhibit 2. Moreover, a substantial part of the events giving rise to AmEx's claims occurred in this district. *See* Complaint at ¶¶ 5-14

6.  Defendant CSMJ is not an infant or an incompetent, and instead is a corporation.

7.  The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired. The Clerk has entered default against defendant in accordance with Federal Rule of Civil Procedure 55(a). (Dkt. 4). A true and correct copy of the Clerk's Certificate of Default is attached hereto as Exhibit 3. The original Clerk's Certificate of Default has previously been filed with the Court.

8.  This action seeks judgment for the liquidated principal amount of $255,000.00, plus interest at 9% per New York Civil Practice Law and Rules § 5004, with interest regarding $249,000 running from January 5, 2007, and interest regarding $6,000.00 running from July 16, 2007, for total pre-judgment interest as of July 11, 2008, of $34,540.00, as shown by the Statement of Damages annexed hereto as Exhibit 4

(which includes the calculations made in arriving at the proposed total judgment amount of $290,157.00, including costs and disbursements).

9. Per the Affidavit of Michael G. Guiseffi of Plaintiff submitted herewith, the judgment amount sought by AmEx is justly due and owing, and no part of which has been paid.

10. The request for judgment in the principal amount of $255,000.00 is equal to the principal amount demanded in the Complaint. *See* Complaint at ¶¶ 12-13.

11. The distributions sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of the annexed Default Judgment against defendant.

_____
LOUIS SMITH

Sworn to before me
this 10th day of July 2008

_____
NOTARY PUBLIC

Stephanie Hammer
Notary Public
State of New Jersey
My Commission Expires January 26, 2012

# EXHIBIT 1

FILE COPY

Judge Pauley,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3396

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, | ) ) ) Civil Action No. |
| Plaintiff, | ) ) |
| v. | ) ) COMPLAINT |
| CSMJ, INC. | ) ) ) |
| Defendant. | ) ) |

APR 07 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff American Express Publishing Corporation ("AmEx"), by and for its Complaint against Defendant CSMJ, Inc. ("CSMJ"), hereby alleges as follows:

### The Parties, Jurisdiction, and Venue

1. AmEx is a corporation organized and existing under the laws of the State of New York, and has its principal place of business in New York, New York.

2. CSMJ is a corporation organized and existing under the laws of the State of California, and has its principal place of business in Eagle, Idaho.

3. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because AmEx and CSMJ are incorporated, and have their principal places of businesses in, different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district in accordance with 29 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

### The Publishing Agreements

6. AmEx and CSMJ entered into a Publishing Agreement with an effective date of October 20, 2006 ("2006 Agreement"). Per the 2006 Agreement, AmEx was to create two customized newsletters for CSMJ on behalf of a client of CSMJ. AmEx would then mail the newsletters to certain American Express Cardmembers. The 2006 Agreement called for AmEx to create and distribute a total of approximately 200,000 copies of the newsletters.

7. Per the 2006 Agreement, upon execution of the contract, CSMJ was required to pay AmEx a fee of $100,000. Upon shipment of the newsletters by AmEx, CSMJ was required to pay another fee of $324,000.

8. AmEx and CSMJ entered into a Publishing Agreement with an effective date of March 30, 2007 ("2007 Agreement"). Per the 2007 Agreement, AmEx was to create a customized brochure for CSMJ on behalf of a client of CSMJ. AmEx would then mail the brochure to certain American Express Cardmembers. The 2007 Agreement called for AmEx to create and distribute a total of approximately 100,000 copies of the brochure.

9. Per the 2007 Agreement, CSMJ was required to pay AmEx certain fees, plus ancillary costs and postage.

### AmEx's Performance and CSMJ's Breach

10. In accordance with the terms of the 2006 Agreement, AmEx created the newsletters. Also in accordance with the terms of the 2006 Agreement, AmEx further created and distributed a total of approximately 200,000 copies of the newsletters.

11. In accordance with the terms of the 2007 Agreement, AmEx created the brochure. Also in accordance with the terms of the 2007 Agreement, AmEx further created and distributed a total of at least approximately 100,000 copies of the brochure.

12. CSMJ failed to make the required payments under the 2006 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $249,000 under the 2006 Agreement.

13. CSMJ failed to make the required payments under the 2007 Agreement. Despite demand having been made by AmEx, there is due and owing to AmEx at least $6,000 under the 2007 Agreement.

14. Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

## COUNT ONE
### (BREACH OF CONTRACT)

15. AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

16. AmEx and CSMJ entered into the 2006 Agreement and the 2007 Agreement.

17. AmEx fully performed all of its obligations under the 2006 Agreement and 2007 Agreement.

18. CSMJ materially breached the 2006 Agreement and 2007 Agreement by failing to make payments to AmEx as required under those agreement.

19. As a result of CSMJ's material breaches, AmEx has suffered damages.

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages resulting from CSMJ's breach, interest, costs, and such other and further relief that the Court may deem just and reasonable.

## COUNT TWO
### (UNJUST ENRICHMENT)

20. AmEx hereby realleges and incorporates the prior paragraphs above as if set forth fully herein.

21. At the request of CSMJ, AmEx created and distributed a total of approximately 200,000 copies of the newsletters and at least approximately 100,000 copies of the brochure.

22. AmEx reasonably expected to be compensated by CSMJ for its efforts.

23. CSMJ has received a benefit through the actions of AmEx described above, but has failed to compensate AmEx for those efforts.

24. Upon information and belief, CSMJ received payment from its client for costs relating to the brochures, but CSMJ never forwarded such payment on to AmEx.

25. As a result, AmEx has suffered damages.

WHEREFORE AmEx demands judgment against CSMJ for compensatory damages, interest, costs, and such other and further relief that the Court may deem just and reasonable.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ *signature*
LOUIS SMITH (LS 8851)

MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200 (Phone)
(973) 801-6400 (Facsimile)

*Attorneys for Plaintiff American Express Publishing Corporation*

Dated: April 4, 2008

5

# EXHIBIT 2

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| LOUIS SMITH, Bar #LS8851<br>GREENBERG TRAURIG LLP<br>200 PARK AVENUE<br>METLIFE BUILDING<br>NEW YORK, NY 10166<br>Telephone No: 212-801-9200   FAX No: 212-801-6400 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court, Southern District Of New York | | |
| Plaintiff: AMERICAN EXPRESS PUBLISHING CORPORATION<br>Defendant: CSMJ, INC. | | |

| PROOF OF SERVICE<br>SUMMS IN CIV. ACTION | Hearing Date: | Time: | Dept/Div: | Case Number:<br>08CV3396 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; CIVIL COVER SHEET; RULE 7.1 DISCLOSURE STATEMENT

3. a. Party served:   CSMJ, INC.
   b. Person served:   BRIAN FARROW, AUTHORIZED TO ACCEPT SERVICE. SERVED UNDER F.R.C.P. RULE 4.

4. Address where the party was served:   4225 EXECUTIVE SQUARE
   #280
   LA JOLLA, CA 92037

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Apr. 09, 2008 (2) at: 3:54PM

7. Person Who Served Papers:   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. MARQUES COMPTON
      First Legal Support Services
      ATTORNEY SERVICES
      1511 BEVERLY BOULEVARD
      Los Angeles, CA 90026
      (213) 250-1111, FAX (213) 250-1197

   d. The Fee for Service was:
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.:   1405
      (iii) County:   San Diego

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Thu, Apr. 10, 2008

Judicial Council Form
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMS IN CIV. ACTION

(MARQUES COMPTON)
4084508.lousm.125282

ORIGINAL

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

American Express Publishing Corporation

V.

CSMJ, Inc.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3396

TO: (Name and address of Defendant)

CSMJ, Inc.
Brian E. Farrow -- Agent for service of Process
4275 Executive Square, STE 800
La Jolla, CA 92037

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Louis Smith
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

APR 0 7 2008

DATE

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                          Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 1:08-cv-03396-WHP    Document 14    Filed 07/10/2008    Page 13 of 18

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CSMJ, INC. <br><br> Defendant. | Civil Action No. 08 cv 3396 (WHP) <br><br> **CLERK'S CERTIFICATE OF DEFAULT OF CSMJ, INC.** |

I, J. Michael McMahon, Clerk of Court of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on April 7, 2008 with the filing of a summons and complaint; a copy of the summons and complaint were served on CSMJ, Inc. on April 9, 2008, by personally delivering those documents to Brian Farrow, who is authorized to accept service for CSMJ, Inc.; and that plaintiff filed a proof of service on April 17, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of defendant CSMJ, Inc. is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
        May 5 , 2008

J. MICHAEL MCMAHON
Clerk of Court

By: _____
    Deputy Clerk

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EXPRESS PUBLISHING CORPORATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CSMJ, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 08 cv 3396 (WHP)<br><br>**STATEMENT OF DAMAGES** |

Principal amount sued for ..................................................................$255,000.00

   $249,000.00 from invoice AEP4189 dated December 5, 2006
   $6,000.00 from invoice AEP4709 dated June 14, 2007 (rounded
       down from $6,176.00 per the demand in the Complaint)


Pre-Judgment Interest

  Interest at 9% from January 5, 2007 to July 11, 2008
  for principal of $249,000.00

    Interest runs at $22,410 per year/$61.39 per day

    2007: 361 days x $61.39 = $22,161.00
    2008: 193 days x $61.39 = $11,848.00
    Total: $34,009.00

  Interest at 9% from July 16, 2007 to July 11, 2008
  for principal of $6,000.00

    Interest runs at $540.00 per year/$1.47 per day

    2007: 169 days x $1.47 = $248.00
    2008: 193 days x $1.47 = $283.00
    Total: $531.00

Total Pre-Judgment Interest............................................…...… $34,540.00

(statement continues on next page)

Costs and Disbursements:

Clerk's fee..................................................................................................$350.00
Process Server fee for service.............................................................$267.00


Total (as of <u>July 11, 2008</u>)............................................................$290,157.00


\* Note: All calculations have been rounded down to the nearest dollar.